IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID CLARKE,

        Plaintiff,

vs.                         No.  13-0342-DRH

UNITED STATES OF AMERICA,

        Defendant.

ORDER

**HERNDON, Chief Judge:**

      This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1).  On April 5, 2012, the Court sentenced Clarke to 168 months in prison for conspiracy to distribute marijuana and judgment reflecting the same was entered on April 9, 2012 (Docs. 46 & 50).  During the proceedings, Clarke was represented by attorney Daniel Bruntrager. Thereafter, Clarke, pro se, filed a notice of appeal (Doc. 52).  On April 20, 2012, the Seventh Circuit Court of Appeals issued a corrected Mandate in this case (Doc. 59). The Mandate stated:

 "Upon consideration of the **MOTION TO DISMISS THE NOTICE OF APPEAL**, filed April 20, 2012, by counsel for the appellant,
**IT IS ORDERED** that the appeal is **DISMISSED** pursuant to Federal Rule of Appellate Procedure 42(b) and Circuit Rule 51(f)."

(Doc. 59).

In his § 2255 petition, defendant raises a slew of arguments for relief, all which center around claims of ineffective assistance of counsel. Although petitioner did not raise these grounds on appeal, he may proceed on his §2255 petition if he can show either "cause for the default **and** actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v.Thompson*, 501 U.S. 722, 750 (1991) (emphasis added); *see also Edwards v. Carpenter,* 529 U.S. 446, 455 (2000).

In *Murray v. Carrier*, the Supreme Court held that ineffective assistance of counsel may constitute cause. However, "[s]o long as a defendant is represented by counsel whose performance is not **constitutionally** ineffective under the standard established in *Strickland v. Washington*, [466 U.S. 668 (1984),] [there is] no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Murray*, 477 U.S. at 488 (emphasis added).

In order to show ineffective assistance of counsel under *Strickland*, a petitioner must satisfy yet another two pronged test by showing: (1) "counsel's representations fell below an objective standard of reasonableness" (the performance prong); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (the prejudice prong). *Strickland*,

466 U.S. at 688, 694. In *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994), the Seventh Circuit held that a § 2255 movant need not demonstrate prejudice when raising an allegation of ineffective assistance of counsel where petitioner's lawyer failed to file a requested direct appeal. *Id*. at 719.

In his motion, petitioner alleges that his counsel's performance was below a reasonable standard, and that this caused him to plead guilty. In essence, petitioner is arguing that but for the grounds raised in his motion, he would have had sufficient counsel, and would likely have not plead guilty and/or received such a lengthy sentence .

The Court **ORDERS** the government to file a response to petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

Signed this 10th day of April, 2013.

Digitally signed by David R. Herndon
Date: 2013.04.11 12:59:51 -05'00'

**Chief Judge**
**United States District Court**