IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID CLARKE,

Petitioner,

vs.                                                              No.  13-0342-DRH

UNITED STATES OF AMERICA,

Respondent.

MEMORANDUM and ORDER

HERNDON, Chief Judge:

### I. Introduction, Background and Procedural History

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). The government opposes the motion (Doc. 9). Based on the following, the Court denies Clarke's petition. Further, having closely examined the record, the Court concludes that an evidentiary hearing is not necessary in this matter. It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Cooper v. United States,* 378 F.3d 638, 641–42 (7th Cir. 2004) (district court did not abuse its discretion in denying petitioner an evidentiary hearing where petitioner did not provide additional facts or assertions that would warrant a hearing).

On September 8, 2011, Clarke pled guilty to conspiracy to distribute marijuana, pursuant to a plea agreement. *United States v. Clarke*, 11-30152-DRH; Docs. 6, 7, 8, & 9. On April 5, 2012, the Court sentenced Clarke to 168 months in prison for conspiracy to distribute marijuana and Judgment reflecting the same was entered on April 9, 2012. *Id.* at Docs. 46 & 50. During the proceedings, Clarke was represented by attorney Daniel Bruntrager. Thereafter, Clarke, pro se, filed a notice of appeal. *Id*. at Doc. 52. On April 20, 2012, the Seventh Circuit Court of Appeals issued a corrected Mandate in this case. *Id*. at Doc. 59. The Mandate stated:

"Upon consideration of the **MOTION TO DISMISS THE NOTICE OF APPEAL**, filed April 20, 2012, by counsel for the appellant,
**IT IS ORDERED** that the appeal is **DISMISSED** pursuant to Federal Rule of Appellate Procedure 42(b) and Circuit Rule 51(f)."

*Id*. The Court notes that on March 23, 2013, the government filed a place holder Rule 35 motion in Clarke's criminal case. *Id*. at Doc. 72.

Subsequently, Clarke filed this § 2255 petition on April 8, 2013. Clarke raises many general arguments regarding ineffective assistance of counsel during his criminal case. Specifically, Clarke argues that his attorney failed to properly negotiate a plea and failed to properly advise him of all the facts and law relative to the plea and, thus, his plea was not knowingly and voluntary and that counsel was ineffective at sentencing. As the motion is ripe, the Court turns to address the merits of the petition.

## II. Legal Standard

The Court must grant a § 2255 motion when a defendant's "sentence was

imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. More precisely, "[r]elief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States,* 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). As a result, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996); *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Of course, a § 2255 motion does not substitute for a direct appeal. A defendant cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt,* 83 F.3d at 816. Meanwhile, a § 2255 motion cannot pursue non-constitutional issues that were not raised on direct appeal regardless of cause and prejudice. *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could be heard in the § 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro v. United States,* 538 U.S. 500, 504-05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *Fountain,* 211 F.3d at 433-34. Further, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from that performance. *Massaro,* 538 U.S. at 504-05. For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

### III. Analysis

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 688-94, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984); *Fountain v. United States,* 211 F.3d 429, 434 (7th Cir. 2000). Either *Strickland* prong may be analyzed first; if that prong is not met, it will prove fatal to plaintiff's claim. *Strickland,* 466 U.S. at 697; *Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir. 1993).

Regarding the first prong of the *Strickland* test, counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland,* 466 U.S. at 689. The petitioner's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted). In other words, the Court must not become a "Monday morning quarterback." *Harris v. Reed,* 894 F.2d 871, 877 (7th Cir. 1990). With regards to the second prong of *Strickland,* the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams,* 453 F.3d at 435 (citing *Strickland,* 466 U.S. at 694).

In the instant case, the Court cannot say that Mr. Bruntrager's performance significantly prejudiced Clarke or that Mr. Bruntrager's representation fell below an objective standard of reasonableness. Further, the Court cannot say that

despite these alleged errors the results of the proceedings would have been different.

First, the Court finds that Clarke waived his right to file this § 2255 petition. Clarke entered into a plea agreement with the government in an attempt to benefit himself. In exchange for the benefits he received, he waived his right to a direct appeal and to a collateral attack under Section 2255. Specifically, the plea agreement provides in relevant parts:

> 6. The United States will inform the Court of the extent of his voluntary cooperation; however, **Defendant understands that the Court did not participate in this agreement, is not bound by any recommendations of the Government, and further, that he will not be allowed to withdraw his plea of guilty once entered.**
>
> 3. The Government submits to the Court that it appears that under the Sentencing Guidelines, after all factors have been considered, the Defendant will have an Offense Level of 29 and a Criminal History Category of I, where the sentencing range is 87-108 months. The Government further submit that it appears that under the Sentencing Guidelines, after all factors have been considered, the Defendant's fine range will be $15,000 to $150,000, according to U.S.S.G. § 5E1.2. **The Government and Defendant also submit to the Court that this submission is not intended to be binding on the Court and that the Court ultimately will determine the guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon.** The Defendant expressly recognizes that, regardless, of the guideline range found or the sentence imposed by the Court, he will not be permitted to withdraw his plea. … The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant to anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature of the circumstances of the offense(s) and the criminal history and the characteristics of the Defendant.
>
> 1. The Defendant understands that by pleading guilty, he is waiving all appellate issues that might have been available if he had exercised

his right to trial. The Defendant states that he is fully satisfied with the representation he received from his counsel, that they have discussed the Government's case, possible defenses and have explored all areas which Defendant has requested relative to the Government's case and his defense

2. The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and exchange for the recommendations and concessions made by the Government in this plea agreement, **the Defendant knowingly and voluntarily waives his right to contest any aspect of conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law**, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), **the Defendant reserves the right to appeal the reasonableness of the sentence**. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government. Defendant knowingly and voluntarily waives his right to seek a pardon, whether before or after his release from custody.

*United States v. Clarke*, 11-30152-DRH; Doc. 8, ps. 2-10 (emphasis added).

The Seventh Circuit has found these types of waivers to be valid. The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided that the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir), *cert. denied*, 520 U.S. 1281 (1997); *United States v,. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also*, *United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct 349 (1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for instance, the defendant's race or

gender) or of the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190. Further, the Seventh Circuit has found that a waiver of a Section 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id*. at 1144, *United States v. Woolley*, 123 F.3d 627, 631-632 (7th Cir. 1997). *See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

For the waiver to be enforceable, Clarke's sentence had to be within the maximum provided by the statute of conviction and the applicable guideline range based upon his relevant conduct. The maximum penalty for conspiracy to distribute and possession with the intent to distribute marijuana is 40 years. 21 U.S.C. §§ 841(a)(1) and 846. In fact, this statutory term of imprisonment was outlined in his plea agreement and Magistrate Judge Wilkerson, during the change of plea hearing, informed Clarke of the statutory sentencing range and Clarke acknowledged that he understood. Based upon the conduct to which Clarke admitted and others attributed to him in the conspiracy, his applicable guideline range of imprisonment was 168-210 months imprisonment. The Court sentenced Clarke to 168 months imprisonment: a sentence within the guideline range and within the statutory range. The Court did not depart upward. There is no basis

in the record for avoiding this waiver, and the Court neither relied upon constitutionality impermissible factors in sentencing Clarke nor sentenced him above the statutory maximum. Thus, the waiver provisions of Clarke's plea agreement are enforceable and Clarke has waived his right to bring this § 2255 petition.

Even assuming *arguendo* that Clarke did not waive his right to bring this 2255 petition, the Court finds that Clarke's petition fails. His claim that his counsel was ineffective is without merit. The Court finds that Clarke has not met the burden regarding the involuntariness of his plea. Moreover, the Court rejects Clarke's arguments that his counsel did not inform him of the facts and the elements of this case. First, Clarke does not offer support for his allegation that his attorney did not advise him properly. *See McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (petitioner must present objective evidence that he would not have entered the guilty plea; his own self-serving testimony is not enough). Therefore, his claims of ineffective assistance of counsel on these grounds do not succeed. *See United States v. Jordan*, 870 F.2d 1310, 1318 (7th Cir.), *cert. denied*, 493 U.S. 831 (1989)(holding that even assuming petitioner's counsel should have advised petitioner of possible consequences of his plea, petitioner has the burden to offer evidence to support the bare allegations that his counsel failed to advise him of these possibilities). Furthermore, the Seventh Circuit held:

> In *Barnes*, the defendant's lawyer failed to inform him that if he pled guilty, he would be classified as a career offender, and thus, subject

>to a much greater punishment than the lawyer predicted. We held that even a "mistake that great" was insufficient to establish a constitutional violation.

*United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999). Also, Clarke's arguments are belied by his own statements at the change of plea hearing which are presumed truthful. *See United States v. Standiford*, 148 F.3d 864, 868 (7th Cir. 1998). Even after Clarke acknowledged that he read the plea agreement, Magistrate Judge Wilkerson thoroughly went through the plea agreement with him to ensure he understood it. Specifically, the following occurred:

>The Court: And you both understand the charges against you? Mr. David Clarke?
>Defendant David Clarke: Yes, Your Honor.
>…
>The Court: Mr. Bruntrager, do you have any doubt as to Mr. David Clarke's competence to plead in this matter at this time?
>Mr. Bruntrager: I have no doubt, Your Honor.
>Mr. Kapsak: None, Your Honor.
>The Court: The Court is satisfied that David Clarke is competent to plead in this matter and so finds.
>…
>The Court: Have you had ample opportunity, that is enough time, to discuss your case with your lawyer? Mr. David Clarke?
>Defendant David Clarke: Yes, sir.
>The Court: Are you satisfied with your lawyer's representation of you? David Clarke?
>Defendant David Clarke: Yes, Your Honor.
>The Court: Has there been anything that you wanted your lawyer to do for you that he hasn't done? David Clarke?
>Defendant David Clarke: No, Your Honor.
>…
>Mr. Kapsak: The elements are as follows: First, that the conspiracy alleged in the information existed. And second, that these Defendants knowingly and intentionally became a member of the conspiracy with the intent to further the conspiracy. Those are the elements.

The maximum penalties are as follows: Maximum of 40 years imprisonment, five years minimum; a fine of not more than $2 million; and a term of supervised release of at least four years; as well as a special assessment.

The Court: Okay. Did you hear the elements of this offense that the Government would be required to prove against you beyond a reasonable doubt if you took this matter to trial? Mr. David Clarke?

Defendant David Clarke: Yes, Your Honor.

…

The Court: Did you sign this document of your own free will?

Defendant David Clarke: Yes, sir.

The Court: Did anybody threaten you or try to force you to sign it?

Defendant David Clarke: No, sir.

The Court: Have you gone over this document from beginning to end, every word?

Defendant David Clarke: I have gone over the document.

The Court: Is there anything in this document that you disagree with?

Defendant David Clarke: No, sir.

The Court: Did anybody make any promises to you not contained in this document that you disagree with?

Defendant David Clarke: No.

…

Mr. Kapsak: The substance is as follows: David Clarke agrees to plead guilty in this case. He agrees to cooperate fully with the U.S. Government. He agrees not to seek a sentence outside the applicable guideline range. He also agrees to waive his appeal rights, except for his ability to appeal an unreasonable sentence, defined as a sentence that is above what is being applicable guideline range. The Government in exchange agrees to ask for the low end of the sentencing guideline range, and also to consider filing a sentence reduction with the Court pursuant to Rule 35 or Section 5K1 of the guidelines. To date, David Clarke has provided honest and truthful information to the U.S. Government. He has substantially assisted the U.S. Government to date.

The Court: All right. Now it is my understanding that there is another case outstanding against Mr. David Clarke; is that correct?

Mr. Kapsak: That's correct, Your Honor. There is currently a Third Superseding Indictment with an '08 case number. If I may represent, Your Honor, what the Government intends to do with this case. It is our intention to dismiss that Third Superseding Indictment upon the sentencing of David Clarke.

The Court: On this information?

Mr. Kapsak: On this information, exactly.

…

The Court: Mr. David Clarke, you heard the Assistant United States Attorney give the parameters of your agreement with the Government. Do you agree?
Defendant David Clarke: I agree, sir.
…
The Court: Do you understand that any recommendation of sentence agreed to by you, your lawyer, and the United States Attorney is not binding on this Court, and that you might on the basis of your guilty plea receive a more severe sentence than requested or recommended; and if the Court does not accept the United States Attorney's recommendations, you will not have the right to withdraw this plea and you will still be bound by it?  Mr. David Clarke?
Defendant David Clarke: Yes, Your Honor.
The Court: All right.  Under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case.  The United States Supreme Court has made those guidelines advisory rather than mandatory for judges.  Have you and your lawyer talked about how the Sentencing Commission may apply to your case Mr. David Clarke?
Defendant David Clarke: Yes, Your Honor.
The Court: While the Court must be advised by these guidelines in determining the particular sentence to impose, the Court will consider certain statutory factors under Section 3553 of Title 18, including, among others, the nature and circumstances of the offense and the history and characteristics of the Defendant.
…
The Court: Do you understand that a presentence report will be completed to assist the Court in sentencing you, and you and the government will have an opportunity to challenge the facts reported by the probation officer? Mr. David Clarke?
Defendant David Clarke: Yes, Your Honor.
The Court: Do you understand that under some circumstances you or the Government may have a right to appeal any sentence that Judge Herndon may impose; however, you are waiving or giving up most of your appeal rights? Mr. David Clarke, you understand that?
Defendant David Clarke: Yes, Your Honor.
…
The Court: Do you understand that if the sentence is more severe than you expected, you will still be bound by this plea and have no right to withdraw it?  Mr. David Clarke?
Defendant David Clarke: I understand, Your Honor.
…
The Court: How do you plead?

> Defendant David Clarke: Guilty.
> …
> The Court: However, pursuant to Section 6N1.1(c) of the guidelines, Judge Herndon will defer any decision to accept or reject the plea agreement between you and the Government until after he's had an opportunity to consider the presentence report.
>
> It is a finding of the Court in the cases of the *United States versus David Clarke* and the *United States versus Mark Clarke*, that the Defendants are fully competent and capable of entering an informed plea, and that their plea of guilty, each plea of guilty, is a knowing and voluntary plea supported by an independent basis in fact, containing each of the essential elements of the offense.  Their pleas are therefore accepted.

*United States v. Clarke*, 11-30152-DRH; Doc. 75, Change of Plea Transcript Doc. ps. 5-35.

Clearly, Magistrate Judge Wilkerson informed Clarke that the Court would not be able to determine the guideline impact for the sentence in his case until after the Presentence Report was prepared and the Court reviewed the objections of the parties and that the sentence results from that may be different from the one provided by counsel and the plea agreement.  As stated before, Clarke was aware of the consequences and benefits of entering into the plea agreement with the government and decided to plead guilty.

Further, the Court rejects Clarke's arguments that counsel was ineffective at sentencing.  The Court properly examined the Presentence Report, heard objections and made findings regarding the Presentence Report and correctly applied the guidelines in this case.  In fact, the Court sentenced Clarke to the low end of the guideline range within the statutory guideline.  In this case, the Court cannot say that Clarke's counsel's performance significantly prejudiced him or

that his counsel's representation fell below an objective standard of reasonableness. Contrary to Clarke's assertions now, his counsel did file objections to the Presentence Report (many to which the Court accepted Clarke's position) and filed a sentencing memorandum outlining the nature and circumstances of the case and Clarke's history and characteristics. Also, his counsel argued on paper and during the sentencing hearing that Clarke be sentenced to a term of 87 months imprisonment. Thus, his counsel cannot be faulted for failing to raise issues which he did, in fact, raise.

The Court finds that Clarke's claims that his counsel was ineffective are without merit. His bald assertions (which are either not true or not supported by the record) that his counsel was ineffective are insufficient basis to grant him the relief he seeks. "An ineffective assistance of counsel claim cannot stand on a blank record, peppered with the defendant's own unsupported allegations of misconduct." *United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001); *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005)(finding that a claim of ineffective assistance unsupported by "actual proof of [his] allegations" cannot meet the threshold requirement for purposes of § 2255). The Court concludes that Clarke's attorney was not ineffective in representing Clarke in this criminal matter. In fact, the Court finds that his actions were reasonable and sound in light of the circumstances.

Clarke's sentence and conviction are legal. He has not shown that his sentence was "imposed in violation of the Constitution or laws of the United

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," 28 U.S.C. § 2255.  Thus, the Court rejects Clarke's 28 U.S.C. § 2255 petition/motion.  Finally, the Court notes that letting Clarke's conviction and sentence stand would not result in a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability have been granted.  *See Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009).  A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district denies a *habeas* petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

As to petitioner's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is barred from reviewing the merits of petitioner's claim. Reasonable jurists could not debate that the petition should have been resolved in a different manner, as petitioner's claims of ineffective assistance of counsel do not present evidence of constitutionally deficient attorney performance; nor do they demonstrate resulting prejudice. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

## IV. Conclusion

Accordingly, the Court **DENIES** Clarke's motion under 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by person in federal custody and the supplements to the petition. The Court **DISMISSES with prejudice** this cause of action. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 30th day of October, 2013.

David R. Herndon
2013.10.30
07:05:30 -05'00'

**Chief Judge
United States District Court**